UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH OLIVER OWENS,<br><br>  Plaintiff,<br><br>  v.<br><br>JOHN MANESS,<br><br>  Defendant. | Case No. 16-cv-04495-JD<br><br>**ORDER DISMISSING CASE** |

Plaintiff, a detainee, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. The original complaint was dismissed with leave to amend and plaintiff has submitted a letter that the Court construes as an amended complaint.

## DISCUSSION

### STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

1  cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above
2  the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations
3  omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its
4  face." *Id.* at 570. The United States Supreme Court has explained the "plausible on its face"
5  standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they
6  must be supported by factual allegations. When there are well-pleaded factual allegations, a court
7  should assume their veracity and then determine whether they plausibly give rise to an entitlement
8  to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

9  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by
10 the Constitution or laws of the United States was violated, and (2) the alleged deprivation was
11 committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

12 **LEGAL CLAIMS**

13 Plaintiff alleges that his defense attorney in his criminal case is not properly preparing his
14 defense. Defendants in state court prosecutions cannot generally sue their lawyers under Section
15 1983 for mistakes in their representation. A public defender does not act under color of state law,
16 an essential element of an action under 42 U.S.C. § 1983, when performing a lawyer's traditional
17 functions, such as entering pleas, making motions, objecting at trial, cross-examining witnesses,
18 and making closing arguments. *Polk County v. Dodson*, 454 U.S. 312, 318–19 (1981). A private
19 attorney representing a defendant or appellant also is not a state actor. *See Simmons v.*
20 *Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003).

21 Under principles of comity and federalism, a federal court should not interfere with
22 ongoing state criminal proceedings by granting injunctive or declaratory relief absent
23 extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37, 43-54 (1971). Federal courts
24 should not enjoin pending state criminal prosecutions absent a showing of the state's bad faith or
25 harassment, or a showing that the statute challenged is "flagrantly and patently violative of express
26 constitutional prohibitions." *Younger*, 401 U.S. at 46, 53-54 (cost, anxiety and inconvenience of
27 criminal defense not kind of special circumstances or irreparable harm that would justify federal
28 court intervention; statute must be unconstitutional in every "clause, sentence and paragraph, and

2

in whatever manner" it is applied).

In the original complaint plaintiff sought injunctive relief and money damages. It now appears that plaintiff's plea was allowed to be withdrawn so he only seeks money damages from his attorney. Plaintiff's allegations against his attorney fall within the scope of work that *Polk County* has determined is not actionable under Section 1983. For this reason, the claim may not proceed. Nor can plaintiff present a state cause of action for malpractice under Section 1983. *See Ove v. Gwinn*, 264 F.3d 817, 824 (9th Cir. 2001) ("To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress.") (internal quotation marks and citation omitted). Because plaintiff has already been provided leave to amend and as allowing further amendment would be futile, this action is dismissed with prejudice.

## CONCLUSION

1. The complaint is **DISMISSED** with prejudice for failure to state a claim.
2. The Clerk shall close this action.

**IT IS SO ORDERED.**

Dated: November 16, 2016

JAMES DONATO
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KENNETH OLIVER OWENS,

    Plaintiff,

v.

JOHN MANESS,

    Defendant.

Case No. 16-cv-04495-JD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 16, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kenneth Oliver Owens ID: Prisoner Id 290606
Maguire Correctional Facility
300 Bradford Street
Redwood City, CA 94063

Dated: November 16, 2016

Susan Y. Soong
Clerk, United States District Court

November 16, 2016

By: /s/ Lisa R. Clark
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO